UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL GOINS, # 302385, | ) | C/A No.: 4:15-0619-RMG-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| LARRY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* Petitioner filed a petition for writ of habeas corpus on February 11, 2015, pursuant to 28 U.S.C. § 2241[1]. Respondent filed a Motion for Summary Judgment along with a return and memorandum on August 5, 2015. (Doc. #25). The undersigned issued an order filed August 7, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. Petitioner failed to file a response. On September 14, 2015, the court issued a second order giving Petitioner ten days from the date of the order to file a response to the Respondent's motion for summary judgment and advising him that if he failed to file a response, his case may be dismissed pursuant to Rule 41 of the Fed.R.Civ.P, with prejudice. (Doc. #31). Petitioner failed to file a response.

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's two orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, it is recommended that Respondent's motion for summary judgment be granted and the petition dismissed.

## PROCEDURAL HISTORY

Petitioner is an inmate in the custody of the South Carolina Department of Corrections (SCDC) serving a twelve-year sentence for assault with intent to kill. As of August 4, 2015, Petitioner's projected max-out date is April 11, 2019. (Respondent's memorandum).

Petitioner brings this action as a result of a disciplinary conviction in which he was found guilty of the offense of exhibition and public masturbation resulting in sanction of "180 days disciplinary detention; 360 days canteen; 360 days telephone; 360 days visitation; 36 days loss of good time." (See Respondent's exhibits A and B). Petitioner appealed his conviction on June 7, 2012, by filing a Step One grievance, grievance number PCI-1544-12 (Respondent's Exhibit C). In this Step One grievance, Petitioner asserted that there were "multiple technicalities" alleging that his accuser was not present as requested and that none of his witnesses were present or questioned. (Id.). Petitioner's Step Two grievance was denied with a response from the Central Office of SCDC stating that the evidence presented was sufficient to support the conviction(s) of Exhibitionism and Public Masturbation and the sanctions were appropriate. The response stated that a "review of your appeal revealed that you received forty-eight (48) hour notice prior to the hearing, you were afforded due process rights, as required, and the offense was classified and heard in a timely manner. You were convicted based upon the preponderance of the evidence/testimony presented at the your hearing. You did not request witnesses as outlined in policy." (Respondent's Exhibit D). Petitioner appealed the conviction to the State of South Carolina Administrative Law Court where his appeal was denied and dismissed. The Administrative Law Court found that the requirements of Wolff v. McDonnell, 418 U.S. 539 (1974) were met. (See Doc. #25-7, Order Affirming Decision by the South Carolina Administrative Law Court.). Petitioner appealed the decision of the Administrative Law Court to the South Carolina Court of Appeals which also denied and dismissed the appeal. Petitioner filed this petition requesting that his "conviction be reversed and vacated and all sanctions imposed be lifted." (Doc. #1).

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:     Petitioner is arbitrarily and erroneously being convicted upon erroneous evidence and on erroneous hearing.

<u>Supporting Facts</u>**:**     The supporting facts that the Disciplinary Hearing Officer ("DHR") used to convict the Petitioner is the incident report detailing the facts fo the case. The incident report has no signature or statement from the Major 1 responsible Authority which is like being convicted with an indictment with no TRUE BILL stamp or grand jury foreman signature. No hearing should have been held period. This is erroneous evidence.

(Petition).

## SUMMARY JUDGMENT

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. <u>Id</u>. at 255.

## ANALYSIS

Inmates are entitled to limited due process rights in prison disciplinary proceedings to the extent that a protected liberty interest is affected. Inmates have a protected liberty interest in the

4

accumulation of good time credits. See Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Therefore, in prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits, he is entitled to certain due process protections. Id. These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. Wolff, 418 U.S. at 564-571. Furthermore, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Here, the Petitioner, who was sanctioned, including the loss of good time credit, was given advance written notice of the charges more than twenty-four hours before the disciplinary hearing. (Respondent's Exhibit B). Based on the form, Petitioner elected to have a counsel substitute but chose not to have his accuser present at the hearing. ( Id.). The record reflects that the Petitioner appeared at the hearing and argued that he did not check the box that stated he did not want his accuser at the hearing. (Respondent's Exhibit A). The disciplinary hearing officer (DHO) had counsel verify that Petitioner checked the box stating he did not want his accuser present at the hearing and held they were proceeding absent the accuser. (Id.). Petitioner stated that he wanted to call witnesses but the DHO found that there was no witness request on his behalf. (Id.). The DHO read into the record a "Request to Staff" written by Petitioner to the accuser in which Petitioner admitted that what he did was wrong, apologized, and asked the accuser to dismiss the charges. (Id.). There was a written decision listing the specific evidence relied upon, the findings, and the sanctions. (Id.). The report was delivered to Petitioner. (Respondent's Exhibit B). Accordingly, Petitioner received all the due process required by Wolf in his disciplinary proceeding. Petitioner

has not filed a response and, therefore, does not dispute this fact.[2]

In conclusion, there is no evidence of a due process violation in this action as Petitioner received all of the due process safeguards delineated in Wolff. Accordingly, it is recommended that Respondent's motion for summary judgment be granted and the petition dismissed.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore, RECOMMENDED that the petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

In the alternative, it is RECOMMENDED that Respondent's motion for summary judgment (document #25) be GRANTED and Petitioner's petition for Writ of Habeas Corpus be denied, and this petition dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 29, 2015
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[2] Furthermore, in an institutional setting, the fact-finder need only show that some evidence existed to support the decision. See Irvin v. Federal Bureau of Prisons, 2009 WL 1811245 (D.S.C.2009) (citing Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S. 445-456-457, 105 S.Ct. 2768, 86 L.Ed. 2d 356 (1985)). In the instant action, Petitioner admitted in a written "Request to staff" to the accuser that what he did was wrong and apologized.